**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

QUINTON J. WILLIAMS,    )
                        )
        Movant,         )
                        )
v.                      )        CV422-093
                        )        CR418-264
UNITED STATES OF        )
AMERICA,                )
                        )
        Respondent.     )

## ORDER AND REPORT AND RECOMMENDATION

Quinton Williams pleaded guilty to a single count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a).  *See* doc. 34 (Judgment).[1]  He has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his judgment, asserting that his sentence was improperly enhanced.  *See* doc. 39 at 4.  He has also filed a Motion to Amend his § 2255 motion, clarifying that his challenge implicates an improper enhancement under the United States Sentencing Guidelines.

---

[1] The Court cites to the criminal docket in CR418-264 unless otherwise noted.

*See* doc. 40 at 1.  His motion to amend is **GRANTED**.[2]  Doc. 40.  However,

because "it plainly appears . . . that [Williams] is not entitled to relief,"

his § 2255 Motion, as amended, should be **DISMISSED**.  Rule 4, Rules

Governing Section 2255 Proceedings.

Judgment was entered against Williams on May 7, 2019.  *See* doc.

34.  Section 2255 motions are subject to a one-year statute of limitations.

*See* 28 U.S.C. § 2255(f).  That one-year period may run from several

events.  *See id.*  Relevant here are the date upon which the judgment of

conviction became final, 28 U.S.C. § 2255(f)(1), and the date on which the

Supreme Court newly recognized the right, 28 U.S.C. § 2255(f)(3).  Since

Williams did not appeal, his judgment became final, under § 2255(f)(1),

fourteen days after it was entered.  *See* Fed. R. App. P. 4(b)(1)(A)(i), (6)

---

[2]  The Court applies Federal Rule of Civil Procedure 15's standards in evaluating motions to amend pleadings pursuant to § 2255.  *See* Rule 12, Rules Governing § 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *see also, e.g., Bellefleur v. United States,* 489 F. App'x 323, 324 (11th Cir. 2012) (applying Federal Rule of Civil Procedure 15(a) in the context of a § 2255 proceeding).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court discerns no reason to deny the amendments.

(requiring a defendant file a notice of appeal within fourteen days after the judgment is entered on the criminal docket); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."). The one-year period under § 2255(f)(1) began to run, therefore, on May 21, 2019. It expired on May 21, 2020. He did not signature file[3] the instant motion until April 7, 2022, doc. 39 at 12, which is almost two years too late.

Despite the fact that Williams' motion is untimely based on the finality of his judgment, the statute of limitations runs from "the latest" of the enumerated events. *See* 28 U.S.C. § 2255(f). In response to the form motion's question concerning the timeliness of his motion, Williams states, *in toto*, "New Supreme Court Ruling." *See* doc. 39 at 10. Liberally construed, the Court infers that he is asserting that the operative event starting the one-year period is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to

---

[3] Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015).

cases on collateral review . . . ."  28 U.S.C. § 2255(f)(3).  Despite drawing that inference, Williams has entirely omitted the "Supreme Court Ruling" he contends started the period.  *See* doc. 39 at 10-11.

"[A] § 2255 movant is not entitled to a hearing, much less relief, 'when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible.'"  *Boykin v. United States*, 2022 WL 35931, at *3 (M.D. Fla. Jan. 4, 2022) (quoting *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also Collins v. United States*, 2009 WL 3379071, at *1 (S.D. Ga. Oct. 20, 2009) ("[C]onclusory claims—unsupported by any facts or argument of any kind—cannot entitle a movant to § 2255 relief.").  Although, "[t]he § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness," *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (internal quotation marks and citation omitted), Williams' presentation of the only ground asserted does not identify the Supreme Court opinion in question, *see* doc. 40 at 1; *see also* doc. 39 at 4.

It is clear that Williams' Motion is untimely, pursuant to § 2255(f)(1), and his allegation that § 2255(f)(3) provides a later starting

date for the one-year period is insufficient, as discussed above. His

Motion should, therefore, be **DISMISSED**. Doc. 39. Although the Court

declines to *sua sponte* offer Williams an opportunity to amend his motion

a second time, *see, e.g., United States v. Hernandez-Zavala*, 984 F.3d 457,

459 (5th Cir. 2021) ("A district court does not err in declining to offer *sua*

*sponte* a § 2255 movant an opportunity to amend."), his opportunity to

object to this Report and Recommendation affords him a final

opportunity to explain his otherwise-conclusory contention that his

motion is timely because of a "[n]ew Supreme Court [r]uling." Doc. 39 at

10.[4]

---

[4] Although the Fifth Circuit's opinion in *Hernandez-Zavala* is not binding, the Court is not aware of any binding authority requiring that *pro se* movants be afforded an opportunity to amend before dismissal. The United States District Court for the Southern District of Florida has stated that "[w]hen . . . a *pro se* petition might state a claim upon which relief can be granted, a district court should give a movant an opportunity to amend his motion instead of dismissing it." *Rivera v. United States*, 2016 WL 11700482, at *2 (S.D. Fla. Apr. 5, 2016) (citing *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000)). In *Mederos*, however, the Eleventh Circuit did not find that the district court erred in failing to *sua sponte* direct amendment, but in failing to construe a subsequently-filed pleading as an amendment. *See Mederos*, 218 F.3d at 1253 ("We . . . conclude that the district court abused its discretion by not construing [movant's] second § 2255 motion as an amended motion that related back to his timely initial motion."). To the extent that Williams objects to this Report and Recommendation, the Court will consider whether that objection should be construed as an amendment of Williams' amended motion.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 28th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA